The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISH NETWORK L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>VIRTUAL SYSTEMS LLC, *et al.*,<br><br>Defendants. | NO. 24-cv-1683-BJR<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

## I. INTRODUCTION

Plaintiff, DISH Network L.L.C., sued a Ukraine company, Virtual Systems, LLC, and its owner and CEO, Vyacheslav Smyrnov, for copyright infringement under 17 U.S.C. § 501. Compl., ECF No. 1. Defendants were served in accordance with Federal Rule of Civil Procedure 4(f)(1), which authorizes service under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention"). *See* Proof of Service, ECF Nos. 11-12. The Clerk's Entry of Default was filed on July 1, 2025, ECF No. 18, and the Court granted Default Judgment on November 12, 2025, ECF No. 23. After an untimely appeal was dismissed by the Ninth Circuit Court of Appeals, Defendants ultimately filed the pending motion for relief from judgment, ECF

No. 41, on April 17, 2026. Having reviewed the materials,[1] the record of the case, and the relevant legal authorities, the Court will DENY the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

In brief,[2] DISH Network L.L.C., one of the largest pay-tv providers in the United States, holds copyrights in programming, which it alleged were illegally transmitted by pirate streaming services by using a network and servers provided by Virtual Systems, LLC, a hosting services provider. Compl. ¶¶ 1, 3, 10, 25. According to DISH, Virtual Systems appeals to streaming services that violate United States copyright law by promoting in its Ukraine data center that it "ignore[s] DMCA[3] takedown notices," and encouraging the pirate streaming services to keep their identities anonymous and undiscoverable. *Id.* ¶¶ 31, 38-39. DISH sent Virtual Systems and its owner, Smyrnov, at least 512 Infringement Notices, which were delivered by mail and email, but they did not respond, nor did they comply with court orders enjoining Virtual Systems from providing its servers and network to certain pirate streaming services. *Id.* ¶¶ 33-36.

DISH filed this lawsuit on October 15, 2024, asserting three claims of willful secondary copyright infringement[4] under 17 U.S.C. § 501: Count I – Materially Contributing to Copyright Infringement; Count II – Inducing Copyright Infringement; and Count III – Vicarious Copyright Infringement. Compl. ¶¶ 45-69. After Defendants failed to appear or respond to the lawsuit, DISH requested entry of default by the Clerk of the Court, which was granted on July 1, 2025. ECF No.

---

[1] Including Defendants' motion, ECF No. 41; Plaintiff's response in opposition, ECF No. 48; Defendants' reply, ECF No. 52, together with attached declarations and exhibits.

[2] For a more detailed factual background, see the Court's order granting Plaintiff's motion for default judgment, ECF No. 23.

[3] Referring to the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512.

[4] Secondary copyright infringement is a form of indirect or vicarious infringement, which occurs when someone helps or encourages another person to illegally copy or use copyrighted material. *See* INFRINGEMENT, Black's Law Dictionary (12th ed. 2024).

18. On November 12, 2025, the Court granted DISH's motion for default judgment, granting a permanent injunction and a judgment against Defendants for $41,850,000. ECF Nos. 23, 24.

Over six weeks later, on December 29, 2025, Defendant Smyrnov filed a notice of appeal to the Ninth Circuit Court of Appeals, ECF No. 26, which was dismissed on January 27, 2026, as untimely, ECF No. 28. Defendants then filed a motion to set aside the default, which this Court denied as moot, since the only relief available after entry of judgment is under Federal Rule of Civil Procedure 60(b). *See* ECF Nos. 33, 40; Fed. R. Civ. P. 55(c), 60(b). On April 17, 2026, Defendants filed the pending motion for relief from judgment pursuant to Rule 60(b). Mot., ECF No. 41.[5]

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) authorizes a district court to relieve a party from a final judgment for specified reasons, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60 (b).

[5] Defendants also filed a motion for a protective order, seeking a stay of post-judgment discovery until the ruling on the pending motion for relief from judgment. ECF No. 46. Under the circumstances, this motion will be denied as moot.

Relief under Rule 60(b) is an extraordinary remedy and may be granted only upon a showing of exceptional circumstances. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006). A Rule 60(b) motion is not a substitute for a timely appeal and may not be used to relitigate legal arguments that could have been raised on direct review. *See Perrin v. Aluminum Co. of Am.*, 197 F.2d 254, 255 (9th Cir. 1952).

When the challenged judgment is a default judgment, the Ninth Circuit states a preference for cases to be decided on their merits whenever reasonably possible. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001). The party seeking to vacate a default judgment bears the burden of demonstrating that the factors constituting "good cause" exist: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." *Id.*

Additionally, a Rule 60 motion must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981).

## IV. DISCUSSION

Defendants move for relief pursuant to either Rule 60(b)(1) or 60(b)(3), arguing that the facts alleged in the Complaint were misrepresented by the Plaintiff, and the Court's Judgment is

erroneous. Mot. 1-2. The Court will review each in turn, but first will consider whether the pending motion has been filed within a reasonable time.

**A. Timeliness**

Plaintiff contends that Defendants' motion was not filed within a reasonable time. Opp'n 4-5. The Court entered Judgment on November 12, 2025, and the Defendants' motion was filed more than five months later, on April 17, 2026. During the interim period, Defendant Smyrnov filed an appeal, which was dismissed for lack of jurisdiction on January 27, 2026, because it was untimely. ECF No. 28. Defendants argue that their motion is well within the express limitations period of one year for motions under Rules 60(b)(1) or (3). Reply 2 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347 (1999)). In *Kingvision*, the Ninth Circuit recognized that Rule 60(b)(1) may be used to correct a court's inadvertent mistake in a damages award even after the period for relief under Rule 59 has expired.[6] 168 F.3d at 350-52. A motion under Rule 60(b)(1) must still satisfy the "reasonable time" requirement. Yet Defendants provide no justification for their delay despite having received actual notice. Nor are they pointing to a discrete judicial mistake in a damages award.

Courts in this Circuit and District have declined to vacate default after similar delays, particularly where, as here, the movant otherwise knew of the grounds for the instant motion several months before its filing. *See, e.g.*, *Al-Bustani v. Alger*, No. C22-5238JLR, 2025 WL 1725145, at *4 (W.D. Wash. June 20, 2025) (finding motion to set aside default judgment under Rule 60(b)(1) untimely where defendant filed for relief eight months after default judgment and were aware of

[6] At that time, the Rule 59(e) deadline was 10 days after entry of judgment. In 2009, the time limit was enlarged to 28 days after entry of judgment.

grounds for motion several months before filing); *Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA*, 581 F. App'x 679, 681 (9th Cir. 2014) (same).

Defendants' motion was filed over five months after entry of judgment, and almost three months after their appeal was dismissed as untimely. While this may have been a reasonable time under some circumstances, Defendants offer no explanation for waiting to seek Rule 60 relief but argue only that it was "filed within the limitations period of one year." Reply 2. Under these circumstances, the Court concludes that Defendants have failed to establish that the motion was brought within a reasonable time. Nonetheless, cognizant of the preference to decide cases on the merits, the Court also notes that Defendants' arguments would fail for the independent reasons discussed below.

**B. Rule 60(b)(1)**

Under Federal Rule of Civil Procedure 60(b)(1), a court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Defendants assert that this Court's ruling was based on "mistake" by following Ninth Circuit precedent, which Defendants also assert was in error. Mot. 7-8 (citing *Kemp v. United States*, 596 U.S. 528 (2022)). In *Kemp*, the United States Supreme Court held that the term "mistake" in Rule 60(b)(1) includes a judge's errors of law. 596 U.S. at 533-34. But the Court did not "decide whether a judicial decision rendered erroneous by subsequent legal or factual changes also qualifies as a 'mistake' under Rule 60(b)(1)." *Id.* at 535 n.2.

Defendants contend that the Supreme Court's March 25, 2026 ruling in *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583 (2026), undermines this Court's ruling of November 12, 2025, which held that Defendants were secondarily liable for copyright

infringement. Mot. 7-8; *see* ECF No. 23. Even assuming a later appellate or Supreme Court decision altered the governing law, a subsequent change in the law ordinarily does not warrant relief under Rule 60(b)(1). To hold otherwise would substantially undermine the strong interest in the finality of judgments by permitting parties to reopen final judgments whenever legal doctrine evolves after the time for direct review has expired. *See Harvest v. Castro*, 531 F.3d 737, 747 (9th Cir. 2008) ("Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." (quoting *TCI*, 244 F.3d at 695)); *see also Kemp*, 596 U.S. at 540 (Sotomayor, J., concurring) (highlighting the settled rule that post-judgment changes in controlling law are analyzed under Rule 60(b)(6)'s "extraordinary circumstances" standard).

Defendants also make their argument "in the alternative" under Rule 60(b)(6). Mot. 9. However, the Court concludes that regardless whether Defendants make their argument under Rule 60(b)(1) or (6), the argument is unavailing. The Ninth Circuit has outlined six non-exhaustive factors to be considered to determine whether a post-judgment change in the law meets the "extraordinary circumstances" standard, but most importantly, "only [legal rulings] that may have affected the outcome of the judgment the petitioner seeks to review should weigh toward a finding of extraordinary circumstances." *Martinez v. Shinn*, 33 F.4th 1254, 1263 (9th Cir. 2022) (quoting *Bynoe v. Baca*, 966 F.3d 972, 986 (9th Cir. 2020)). Here, *Cox* is not "dispositive to the outcome of the case." *Id.* at 1263.

This Court found that Plaintiff had adequately alleged Defendants' liability for inducing infringement based on the Supreme Court's decision in *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster Ltd.*, 545 U.S. 913, 936-37 (2005). ECF No. 23 at 9. *Cox* reaffirmed and applied *Grokster* in its holding that "[a] provider induces infringement if it actively encourages infringement through

specific acts." 607 U.S. at 593 (citing *Grokster*, 545 U.S. at 942). Further, this Court found that Plaintiff had adequately pleaded vicarious copyright infringement. ECF No. 23 at 10. *Cox* did not address vicarious liability. Because *Cox* did not review or alter vicarious liability, the default judgment remains independently supported on that ground regardless of how *Cox* narrowed contributory infringement. In sum, even if Plaintiff's first cause of action was impacted by the Supreme Court's decision in *Cox*, the Judgment remains valid under the second and third claims, which were not affected by *Cox*.

Accordingly, Defendants fail to establish that this Court's judgment should be vacated under either Rule 60(b)(1) or (b)(6).

**C. Rule 60(b)(3)**

To prevail on a motion under Rule 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Rule 60(b)(3) requires that fraud "not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. And Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir. 1991)).

Defendants contend that the Plaintiff either intentionally or unintentionally mispresented that the infringing material resided on servers that were physically located in Washington state in their effort to erroneously establish personal jurisdiction. Mot. 9-12. Defendants assert that "no allegedly infringing material was ever stored in the United States." *Id.* at 11 (quoting Karpenko

Decl., ¶ 8, ECF No. 43). Plaintiff responds that its allegations were based on the evidence, and regardless, the Court had identified an alternative basis for jurisdiction based on nationwide contacts that Defendants do not dispute. Opp'n 3, 11-13.

Defendants identify no fraud, misrepresentation, or misconduct that prevented them from litigating the jurisdictional issue before entry of default judgment. Nor do they show excusable neglect that would warrant relief under Rule 60(b)(1). To the extent Defendants dispute the facts alleged in the Complaint, Rule 60(b) does not permit a party who defaulted to reopen a final judgment merely to contest allegations that could have been challenged through a timely appearance and defense. *See TCI*, 244 F.3d at 696 (emphasizing the application of the "good cause" standard under Rule 60(b)); *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud . . . not be discoverable by due diligence before or during the proceedings." (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991))).

**D. Review of default judgment factors**

Even if the Court were to overlook the deficiencies discussed above, Defendants would still not be entitled to relief. The Ninth Circuit applies the three-factor framework set forth in *Falk v. Allen* when determining whether relief from a default judgment is warranted. 739 F.2d 461, 463 (9th Cir. 1984). Under that framework, courts consider "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Id.* The factors are disjunctive, and a finding against the movant on any one factor may justify denial of relief. In assessing whether any default resulted from excusable neglect, courts also apply the equitable considerations identified in *Pioneer Investment Services Co.*

*v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). *See also Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) ("The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' To determine when neglect is excusable, we conduct the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'"). Under either framework, Defendants have failed to carry their burden of demonstrating that the extraordinary remedy afforded by Rule 60(b) is justified.

First, there is danger of prejudice. Plaintiff obtained a final judgment after taking all the steps necessary to serve Defendants, obtain the Clerk's entry of default, and secure entry of default judgment. Reopening the case would require Plaintiff to expend additional resources to resolve issues that could have been addressed had Defendants timely participated in the action. Moreover, Defendants waited until after judgment became final and after an untimely appeal was dismissed before seeking relief in this Court. Such delay undermines the finality of the judgment and weighs in favor of maintaining the judgment's settled effect.

As discussed above, Defendants have not demonstrated a meritorious defense. Rather, Defendants challenged the Court's legal conclusions and raised issues that could have been litigated had they timely appeared and defended the action. And their arguments related to a subsequent change in law are not dispositive to this Court's finding of Defendants' secondary liability.

Additionally, Defendants' own conduct led to the default. Defendants admit they were served. *See* Dementiev Decl. ¶ 3, ECF No. 45; Smyrnov Dec. ¶ 29, ECF No. 45. Defendants did not appear and respond to the Complaint prior to entry of Judgment. Defendants' contention that

their "informal answers" provided to the Ukrainian court handling service under the Hague Convention should suffice in any way is unavailing. *See Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F .3d 664, 666 (9th Cir. 1997) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(l)." (citation omitted)). Defendants chose not to appear and respond to the Complaint. Nor did they appear and respond to the notice of the Clerk's entry of default. Defendants indisputably knew of the judgment no later than the date they filed their notice of appeal. They likewise knew, upon dismissal of that appeal, that no appellate review would occur. As the Supreme Court has stated: "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *Ackermann v. United States*, 340 U.S. 193, 198 (1950).

In sum, even if Defendants' motion was timely, Defendants have not demonstrated entitlement to relief under Rule 60(b)(1), (3), or (6).

## V. CONCLUSION

For the foregoing reasons:

1. Defendants' Motion for Relief from Judgment, ECF No. 41, is DENIED.
2. Defendants' Motion for Protective Order to Stay Discovery, ECF No. 46, is DENIED AS MOOT.

DATED this 18th day of November 2026.

Barbara Jacobs Rothstein
United States District Judge